UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-00167-SEB-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CLAUDIO MOLINA | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00167-SEB-MJD |
| | ) | |
| CLAUDIO MOLINA, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Claudio Molina has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 195. For the reasons explained below, his motion is **DENIED**.

## I.     Background

In January 2012, Mr. Molina pled guilty to one count of conspiracy to possess with the intent to distribute and/or distribute 50 grams or more for methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A)(viii) (count one), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count five). Dkt. 102. In 2010, law enforcement interviewed a confidential source who identified Mr. Molina as his source of methamphetamine. Dkt. 121 at 4. After a series of methamphetamine transactions between the confidential source and Mr. Molina under the observation of officers, law enforcement arrested Mr. Molina and searched his apartment. *Id.* at 5. During the search, officers located 440.74 grams of methamphetamine, 95 grams of cocaine, multiple firearms, and over $8000 in cash. *Id.* at 5–6.

Mr. Molina faced a guidelines range of 210 to 262 months of imprisonment on count one and 60 months on count five to be served consecutively. *Id.* The Court initially sentenced him to

2

270 months of imprisonment to be followed by 5 years of supervised release. Dkt. 143 at 2–3. In 2015, the Court reduced Mr. Molina's sentence to 228 months of imprisonment. Dkt. 186. The Bureau of Prisons ("BOP") lists Mr. Molina's anticipated release date (with good-conduct time included) as March 23, 2027. https://www.bop.gov/inmateloc/ (last visited September 27, 2023).

Mr. Molina filed his motion for compassionate release pro se. Dkt. 95. Mr. Molina argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he suffers from various health conditions which impact his vulnerability to COVID-19 despite his vaccination, (2) he would have received a significantly lesser sentence were he sentenced today because of subsequent changes to the sentencing guidelines, and (3) he has substantially rehabilitated himself during his 13 years of incarceration. Dkt. 196 at 2–4. The Court has concluded that it can resolve the motion without a response from the United States.

## II. Discussion

**A. Appointment of Counsel**

In his motion, Mr. Molina has requested the appointment of an attorney to represent him in this matter. Dkt. 195 at 6. There is no statutory authority entitling Mr. Molina to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. Molina's request for the appointment of the federal public defender's office is denied.

The Court also finds that Mr. Molina is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff

appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Molina has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for assistance with recruiting counsel must therefore be denied.

**B. Compassionate Release**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

4

Mr. Molina's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Molina is vaccinated, dkt. 196 at 2, and has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Molina "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For this reason, the Court declines to exercise its discretion to find that Mr. Molina has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for

relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *U.S. v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022); *U.S v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir.).

Mr. Molina next contends that the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today, due to non-retroactive changes to sentencing laws and guidelines, establishes an extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)). As summarized by the Seventh Circuit, "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions. . . . There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Similarly, any challenge to his original sentence is also not an extraordinary and compelling reason to grant release. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

That leaves Mr. Molina with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides he has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See*

6

*United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme . . . rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Molina's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Molina establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address Mr. Molina's arguments that the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Molina's motion for compassionate release, dkt. [195], is **denied**.

**IT IS SO ORDERED.**

Date: 10/6/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Claudio Molina
Register Number: 09729-028
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590